**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS FREEMAN, Executor** | : | **CIVIL ACTION** |
| **Estate of Robert Wooler** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 10-7511** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                          **January 30, 2012**

As executor of the Estate of Robert Wooler, Thomas Freeman seeks a refund of $31,090.34, the amount the Internal Revenue Service assessed as penalty for the late filing of the estate tax return, plus interest assessed on that penalty.  Freeman contends that the estate attorney's illness is "reasonable cause" for the late filing under the Internal Revenue Code (the "Tax Code"), 26 U.S.C. § 6651(a)(1).  Alternatively, he challenges the IRS's calculation of the penalty and related interest.  Relying on *United States v. Boyle*, 469 U.S. 241 (1985), the government counters that the late filing is inexcusable because the estate had a nondelegable duty to file the return.  It also contends that the IRS properly calculated the late filing penalty and interest.

After a bench trial held on January 17, 2012, we conclude that the estate did not have reasonable cause to file its estate tax return after the deadline.  Additionally, we find that the IRS's assessment of the late filing penalty and resulting interest was correct.  Therefore, we shall enter judgment in favor of the United States.

**Background**

Robert Wooler died on April 25, 2003. In his will, Wooler named Freeman executor of his estate. Soon after Freeman became executor, he retained attorney Dennis Byrne to represent the estate.

Byrne, who held himself out as an experienced estate attorney, handled the administration of the estate, including the tax work. Mail to the estate went directly to Byrne's office. Byrne, without Freeman's participation, managed all correspondence with the IRS. He assumed responsibility for ensuring that the estate's tax returns were filed and its tax payments made.

Under the Tax Code, the estate tax return was due on January 25, 2004, nine months after Wooler died. *See* 26 U.S.C. § 6075(a) (2006). The estate tax was payable on the same day. *See id.* § 6151(a).

Freeman spoke to Byrne about filing the return soon after hiring him, and several times after that. Freeman relied on Byrne's assurances that he would handle the estate's tax obligations.

Freeman and Byrne initially met monthly to discuss estate business. However, over time, Byrne became increasingly difficult to reach and their discussions were limited to sporadic phone conversations initiated by Freeman. Unbeknownst to Freeman, Byrne was suffering from a litany of physical and mental ailments. These ailments led Byrne to neglect his duties to the estate, including the filing of the estate tax return. Freeman later learned that Byrne had embezzled money from the estate.

In 2007, Freeman received a bill from the IRS for the outstanding estate tax and related penalties and interest. The IRS levied two penalties, one under § 6651(a)(1) of the

Tax Code for filing the estate tax return late and another under § 6651(a)(2) for paying the estate tax after the deadline. The IRS also assessed interest on the overdue estate tax and the § 6651(a)(1) penalty, but not on the § 6651(a)(2) penalty.

Freeman then confronted Byrne, who advised him that the estate tax return was three years past due. On March 12, 2007, the estate filed its return together with a payment of $138,179.27, the amount of tax due as shown on the return.

In late 2003 or early 2004, Freeman learned from Byrne that the estate had not yet obtained a valid federal tax ID number, which was needed to pay its income taxes. As a result of this failure, a total of $284,304.40 was withheld from the estate's bank accounts. The funds were paid to the IRS to satisfy the estate's income tax obligations on April 15, 2006.

In April 2008, the IRS, determining that the estate's income tax withholdings were more than enough to satisfy its income tax liability, credited $72,995.92 of those withholdings to the estate's outstanding estate tax liability. The IRS applied that credit to the estate tax as of April 15, 2006–the day the IRS received the withheld funds for the income tax. It then issued an income tax refund of $211,308.48.

The IRS also abated $11,218.52 in interest from the estate tax liability to account for the application of the $72,995.92 credit. Because the estate's original payment with the estate tax return and the credit from the income tax withholdings satisfied the estate tax liability, the IRS issued an estate tax refund of $12,227.19.

The estate appealed the IRS assessment of the penalties and interest. The Office of Appeals abated the § 6651(a)(2) penalty but refused to abate any other amounts. The estate then filed this lawsuit.

**Discussion**

*Freeman Did Not Have Reasonable Cause to File the Return After the Deadline*

The Tax Code provides for the imposition of a penalty for filing a required tax return after its due date "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). The taxpayer has the "heavy burden" of proving that he was not willfully neglectful and had reasonable cause to excuse his late filing. *Boyle*, 469 U.S. at 245. Under IRS regulations, reasonable cause exists where the taxpayer "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time . . . ." 26 C.F.R. § 301.6651-1(c)(1) (2011).

Freeman argues that Byrne's serious mental and physical ailments constitute reasonable cause to excuse the late filing. He contends that he reasonably trusted Byrne to file the return, but that Byrne did not do so because of his health problems.

The Supreme Court rejected the same argument when it established a "bright-line" rule in *Boyle*. 469 U.S. at 248 ("The time has come for a rule with as 'bright' a line as can be drawn consistent with the statute and implementing regulations."). The Court held that the taxpayer's duty to file a timely tax return is nondelegable, and, consequently, that reliance on an agent does not excuse an untimely filing. *Id*. at 252.

The *Boyle* facts are not unlike those here. Boyle, the executor of his mother's estate, retained an attorney to prepare and file the estate's tax return. *Id*. at 242. Boyle discussed the return with the attorney several times and was led to believe that he was handling the matter. *Id*. at 242-43. However, several months after the filing deadline, Boyle learned that the return was overdue as a result of the attorney's clerical error. *Id*. at

243. Boyle sued the IRS for the return of the late filing penalty assessed under § 6651(a)(1), arguing that the attorney's mistake constituted reasonable cause for the late filing. *Id*. at 244.

The Court acknowledged that a taxpayer may, within the bounds of "ordinary business care and prudence," rely on the assistance of a lawyer to prepare and submit his tax filings. *Id*. at 251. However, the Court distinguished between a taxpayer's reliance on legal advice, the substance of which is often beyond the competence of a layperson, and his reliance on advice concerning ordinary matters such as when a return is due. *Id*. It said: "[O]ne does not have to be a tax expert to know that tax returns have fixed filing dates. . . . Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute." *Id*.

Concluding that Congress had imposed a nondelegable duty on the executor to file the return on time, the Court held that "[t]he failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing under § 6651(a)(1)." *Id*. at 252; *see also Baccei v. United States*, 632 F.3d 1140, 1148-49 (9th Cir. 2011). Thus, a taxpayer who files late because his attorney missed the deadline does not have "reasonable cause" under § 6651(a)(1).

Freeman admits that, like Boyle, he left the task of filing the estate's tax return to his attorney. As Boyle did, Freeman chose to rely on his attorney's assurances that the estate tax return would be filed on time, rather than to personally ensure that it was. There is no escaping the application of *Boyle*. The Tax Code placed the nondelegable duty to file the return on Freeman, and Freeman did not file on time.

Although an executor's reliance on the estate's attorney might be understandable

and probably commonplace, it does not give the executor reasonable cause to file late within the meaning of the Tax Code. As the *Boyle* Court explained, "[t]o say that it was 'reasonable' for the executor to *assume* that the attorney would comply with the statute may resolve the matter as between them, but not with respect to the executor's obligations under the statute. Congress has charged the executor with an unambiguous, precisely defined duty to file the return within nine months . . . ." 469 U.S. at 250 (emphasis in original).

Byrne's disability is immaterial. Although it might explain why Byrne could not meet his obligations as the estate's attorney, it does not excuse Freeman's failure to file for purposes of § 6651(a)(1). The responsibility for filing the return was Freeman's. The taxpayer must show that he, not someone to whom he delegated the task, had reasonable cause to miss the filing deadline. *See Lattman v. United States*, No. 91-1113, 1992 WL 170695, at *4 (N.D.N.Y. July 17, 1992) (holding that the severe illness of the taxpayer's accountant did not provide reasonable cause for filing after the deadline). Freeman has not done so.

*The IRS's Penalty and Interest Assessments Were Correct*

Freeman challenges the assessment of the failure to file penalty under § 6651(a)(1) and the interest on that penalty. He does not challenge the assessment of the estate tax or interest on the tax.

As the plaintiff, Freeman bears the ultimate burden of proving that the IRS assessment was incorrect, entitling the estate to a refund. *See Francisco v. United States*, 267 F.3d 303, 319 (3d Cir. 2001) (quoting *Sullivan v. United States*, 618 F.2d 1001, 1008

(3d Cir. 1980)). He cannot meet his burden merely by showing that certain aspects of the IRS's assessment were flawed. *Id*. (quoting *United States v. Janis*, 428 U.S. 433, 440 (1976)). Rather, he must affirmatively prove that he is entitled to a refund in the amount he seeks. *Id*. (quoting *Janis*, 428 U.S. at 440).

The penalty for filing the estate tax return after the deadline is five percent of the estate tax owed on the return for the first month of delinquency, plus 5 percent for each additional month thereafter, with the total penalty not to exceed 25 percent of the tax owed. 26 U.S.C. § 6651(a)(1). The taxpayer must also pay interest on the penalty from the date the return is due until the date the penalty is paid. *Id.* at § 6601(e)(2)(B)(i)-(ii).[1]

Freeman offers two alternate calculations of the appropriate penalty and interest. On his more ambitious theory, he argues that the estate owes no penalty or interest because the IRS, in abating the § 6651(a)(2) penalty for late payment of the estate tax, effectively acknowledged that the tax was timely paid. Freeman does not dispute that the estate paid the tax three years late. Rather, he makes what appears to be an estoppel argument that, when the IRS abated the failure to pay penalty under § 6651(a)(2), it bound itself to a factual determination that prevents it from assessing a penalty under §

---

[1] The government bears the initial "burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by [the Tax Code]." 26 U.S.C. § 7491(c); *see also Kilker v. C.I.R.*, No. 6699-07, 2011 WL 5105750, at *4 (T.C. Oct. 27, 2011) (holding that the IRS failed to meet its burden of production with respect to its assessment of a penalty under § 6651(a)(2)); *Higbee v. C.I.R.*, 116 T.C. 438, 446 (2001) (stating that the IRS bears the burden of production regarding the assessment of a penalty). The government has met this burden regarding the § 6651(a)(1) penalty by producing evidence to show that the return was filed more than three years after the deadline and that the amount of the penalty was no more than 25 percent of the estate tax owed.

It is unclear whether § 7491(c) places the burden of production on the government regarding the IRS's assessment of interest on the § 6651(a)(1) penalty. We need not decide this issue because the government has satisfied that burden. Although the government's evidence on the interest calculation is incomplete in some respects, it is sufficient to justify the aspects of the assessment that Freeman challenges.

6651(a)(1).

The § 6651(a)(1) failure to file penalty is calculated on the net amount of tax due on the return, that is, the gross amount owed minus the amount of timely payments, if any, and any credits. 26 U.S.C. § 6651(b)(1). According to Freeman, when the IRS abated the § 6651(a)(2) failure to pay penalty, it functionally acknowledged that the entire gross amount had been paid prior to the deadline. Thus, according to Freeman, there was no net tax owed at the deadline upon which a penalty could have been assessed.

This argument fails. There is no reason that the IRS, in abating a penalty under one statutory provision, should be held to any factual or legal conclusions for the purposes of determining the estate's liability under another. The net tax due as referenced in § 6651(b) is merely a variable in the Tax Code's equation for calculating the § 6651(a)(1) and § 6651(a)(2) penalties. Nothing in the Tax Code supports Freeman's premise that if the IRS abated the § 6651(a)(2) penalty then there was no tax due.

In effect, Freeman is attempting to use the gratuitous abatement of the late payment penalty against the IRS to avoid paying the late filing penalty. If Freeman's argument prevailed, the IRS would be reluctant to abate some or all of any payment due. The IRS may hesitate to abate part of a taxpayer's liability in pursuit of a settlement because it might fear surrendering its claim to the other assessments. This would undermine the IRS's ability and incentive to settle disputes with taxpayers.

The only question for us to decide is whether Freeman has proven that the Tax Code entitles the estate to a refund of the § 6651(a)(1) failure to file penalty. Because it is undisputed that the return was filed three years late, we hold that the failure to file penalty was proper and that no refund is due.

On his second theory, Freeman accepts the IRS's § 6651(a)(1) penalty assessment but challenges the amount of interest assessed on the penalty. He takes issue with the IRS's decision to apply only $72,995.92 of the estate's $284,304.40 in unused income tax withholdings to the outstanding estate tax liability. Although the withholdings were more than enough to pay the estate tax and the penalties and interest, the IRS, without explanation, applied only a portion of the funds. Freeman argues that the IRS should have credited the entire amount needed to pay the estate tax liability as of April 15, 2006–the day it credited the $ 72,995.92–which would have stopped interest from accruing on the § 6651(a)(1) failure to file penalty.[2]

As with his argument on the penalty calculation, Freeman must show that the estate is entitled a refund. The $284,304.40 was withheld in order to satisfy the estate's income tax liability, not its estate tax liability. Freeman points to no authority, and we have found none, that requires the IRS to credit any of the income tax withholdings to the estate tax at any point. *Cf. Goettee v. C.I.R.,* 192 F. App'x 212, 221 (4th Cir. 2006) (holding that the IRS was not obligated to credit funds to a taxpayer's outstanding liabilities where the taxpayer submitted the funds for a different purpose–here, as part of a settlement offer). Freeman could have, but did not, request that the IRS use its excess income tax withholdings to satisfy the estate's penalty and interest obligations. Rather, the IRS credited the funds at its discretion. *See Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir. 1983) (holding that when the IRS applies a payment without the consent or direction of the taxpayer, it may allocate those payments as it chooses). Because the Tax

---

[2] Freeman does not challenge the IRS's calculation of interest based on its application of $ 72,995.92 credit.

Code does not require the IRS to apply the withholdings to the estate tax at any time, Freeman cannot show that the estate is entitled to a refund on those grounds.

## Conclusion

Freeman has failed to prove that the estate had reasonable cause to file the estate tax return after the deadline.  He has also failed to prove that he is entitled to the return of the § 6651(a)(1) penalty and related interest.  Therefore, because Freeman has failed to prove that the estate is entitled to any refund, we shall enter judgment in favor of the United States.